**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-03594**

**JASMINE ESTATES HOMEOWNERS ASSOCIATION, INC. a Colorado nonprofit corporation, and CLAIMS AND CONSTRUCTION MANAGEMENT GROUP, LLC, a Colorado limited liability company,**

     *Plaintiffs,*

**v.**

**MS TRANSVERSE SPECIALTY INSURANCE COMPANY f/k/a TRANSVERSE SPECIALTY INSURANCE COMPANY, a Texas corporation, TRANSVERSE INSURANCE COMPANY, a Texas corporation,**

     *Defendants.*

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THIS COURT:**

Pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, Defendant, Transverse Specialty Insurance Company ("Transverse"), hereby removes the above style action from the Judicial District Court of Denver County, Colorado, to the United States District Court for the District of Colorado, and, in support thereof, shows the Court as follows:

### I.     THE STATE COURT ACTION

1. Plaintiffs, Jasmine Estates Homeowners Association, Inc. and Construction Management Group, LLC ("Plaintiffs"), commenced this lawsuit on May 29, 2026 by filing their Complaint and Jury Demand in the 2nd Judicial District Court of Denver County Colorado, Case No. 26CV31961 (the "State Court Action"). (*See* Plaintiff's Complaint and Jury Demand, attached as Ex. 2).

1

2.    Plaintiffs' Complaint and Jury Demand names MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company and Transverse Insurance Company as the "Defendants." Defendant MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company's proper name is Transverse Specialty Insurance Company (hereinafter "Transverse" or "Defendant").

3.    Based on personal knowledge, "Transverse Insurance Company" is a fictitious entity or scrivener's error for Transverse Specialty Insurance Company, and does not have any contractual interest in this matter. The subject insurance policy was written by Transverse Specialty Insurance Company, and the subject insurance claim was investigated by Transverse Specialty Insurance Company. (*See* Transverse Specialty Insurance Company Policy No. TSLUPR1000305-00, attached as Ex. 11). Accordingly, pursuant 28 U.S.C. § 1441(b)(1), the citizenship consideration of Transverse Insurance Company shall be disregarded, and there are no additional defendants which need to consent to this removal.

4.    The State Court Action arises from a first-party insurance claim regarding a property located in Brighton, Colorado. Plaintiffs assert causes of action against Transverse for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of C.R.S. §§ 10-3-1115 and 10-3-1116. *See* Ex. 2.

## II.    <u>REMOVAL IS TIMELY</u>

5.    On July 8, 2026, Plaintiffs served Transverse with Plaintiffs' Complaint and Jury Demand. Accordingly, Transverse files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

2

### III.    VENUE IS PROPER

6.      The United States District Court for the District of Colorado is the appropriate court for filing this Notice of Removal since the Judicial District Court of Denver County, where the State Court Action is currently pending, is within this Court's jurisdiction. See 28 U.S.C §§ 116(c), 1441(a), 1446(d).

7.      The United States District Court for the District of Colorado has original jurisdiction over this civil action pursuant to 28 U.S.C § 1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds $75,000.00.

### IV.    BASIS FOR REMOVAL

8.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and Transverse, and the amount in controversy exceeds $75,000 excluding interest and costs. *See* 28 U.S.C. § 1332(a). These two conditions are satisfied in this matter based upon personal knowledge. Therefore, Transverse has properly removed this case to the United States District Court for the District of Colorado.

9.      Based on personal knowledge, at the time this action commenced, at present, and at all times material to this action, Jasmine Estates Homeowners Association, Inc. ("Jasmine Estates") was a nonprofit corporation organized under Colorado law, and had its principal place of

3

business in the state of Colorado. *See* Ex. 2 at 2. Therefore, Jasmine Estates was a citizen of Colorado at all relevant times for diversity jurisdiction purposes.

10. Based on personal knowledge, at the time this action commenced, at present, and at all times material to this action, Claims & Construction Management Group, LLC ("CCMG") was a limited liability company organized under Colorado law. *Id.* The citizenship of a limited liability company is determined by the citizenship of all of its members. Based on personal knowledge, CCMG has three members: Scott Benglen, Clark Lodge, and Brandon Neahusan. All three members resided and were domiciled in Colorado and, therefore, are citizens of Colorado for diversity jurisdiction purposes. Because CCMG's members are citizens of Colorado for diversity jurisdiction purposes, CCMG is likewise considered a citizen of Colorado for diversity jurisdiction purposes. *See* Claims and Construction Management Group's Statement of Conversion, dated July 31, 2020 and attached as Ex. 12.

11. Based on personal knowledge, at the time this action commenced, at present, and at all times material to this action, Transverse was a foreign insurance company organized under Delaware law, and had its principal place of business in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Transverse is a citizen of the State of Delaware and the State of New Jersey. Transverse was never a citizen of Colorado.

12. Accordingly, complete diversity exists under federal law. Plaintiffs do not share citizenship with any defendants. Jasmine Estates and CCMG are citizens of Colorado. Transverse is a citizen of New Jersey and Delaware.

4

## V.    AMOUNT IN CONTROVERSY

13.    Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  "In cases removed to federal court, the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Washington v. Am. Family Mut. Ins. Co.,* No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *3 (D. Colo. Mar. 18, 2013), report and recommendation adopted, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo. Apr. 8, 2013) (quotations omitted).

14.    Plaintiffs' Complaint and Jury Demand claims that Plaintiffs are entitled to damages in an amount to be determined at trial, "including, but not limited to, the disputed amount of approximately $400,000." *See* Ex. 2 at 6.  Defendant denies the validity and merits of Plaintiffs' claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief in this action, Plaintiffs' claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI.    COMPLIANCE

15.    Pursuant to 28 U.S.C. § 1446(d), and D.C.COLO.LCivR 81.1, a true and correct copy of this Notice of Removal will be promptly filed with the clerk of the 2nd Judicial District Court of Denver County, Colorado, and written notice of this filing will be provided to all adverse parties.

16.     All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

17.     As required by Local Rule 81.1, Defendant will file a copy of the current docket sheet (register of actions) within fourteen days of filing this Notice of Removal.

18.     No hearings have been set in this matter as of this date and pursuant to Local Rule 3.1, a properly completed Civil Cover Sheet is being filed contemporaneously with this Notice of Removal.

19.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed contemporaneously with) this Notice:

(1) Exhibit 1 – State Court Register of Actions, dated August 6, 2026;

(2) Exhibit 2 – Plaintiff's Complaint and Jury Demand, dated May 29, 2026;

(3) Exhibit 3 – District Court Civil Case Cover Sheet, dated May 29, 2026;

(4) Exhibit 4 – Summons Directed to Transverse Specialty Insurance Company, dated May 29, 2026;

(5) Exhibit 5 – Summons Directed to Transverse Insurance Company, dated May 29, 2026;

(6) Exhibit 6 – Pretrial Order, dated June 1, 2026;

(7) Exhibit 7 – Delay Reduction Order, dated June 4, 2026;

(8) Exhibit 8 – Entry of Appearance of Van Michael Moore, dated July 8, 2026;

(9) Exhibit 9 – Transverse Specialty Insurance Company's Declaration of Service, dated July 8, 2026;

(10) Exhibit 10  – Transverse Insurance Company's Declaration of Service, dated July 14, 2026;

(11) Exhibit 11 – Transverse Specialty Insurance Company Policy No. TSLUPR1000305-00; and

(12)    Exhibit 12 – CCMG's Statement of Conversion, dated July 31, 2020.

## VII.    JURY DEMAND

20.    Plaintiffs demanded a jury trial in their Complaint and Jury Demand.

## CONCLUSION

THEREFORE, Defendant, Transverse Specialty Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§§ 1332, 1441, and 1446, and in accordance with this Court's local rules, removes the case styled *Jasmine Estates Homeowners Association, Inc. a Colorado nonprofit corporation, and Claims And Construction Management Group, LLC, a Colorado limited liability company, v. MS Transverse Specialty Insurance Company f/k/a Transverse Specialty Insurance Company, a Texas corporation, Transverse Insurance Company, a Texas corporation,* Case No. 26CV31971, from the Judicial District Court of Denver County, Colorado to the United States District Court for the District of Colorado, and asks that this Court enter any orders as may be necessary and appropriate.

Respectfully submitted,

SHACKELFORD, MCKINLEY, & NORTON LLP

By: */s/ Bruce R. Wilkin*
**Bruce R. Wilkin**
Colorado Bar No. 53663
bwilkin@shackelford.law
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Phone: (832) 415-1801
Fax: (832) 565-9030

**ATTORNEYS FOR DEFENDANT TRANSVERSE SPECIALTY INSURANCE COMPANY**

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2026, the foregoing was electronically served upon counsel as follows:

Attorneys for Plaintiffs
David J. Furtado
VanMichael K. Moore
Furtado Law PC
3773 Cherry Creek North Drive, Ste. 755
Denver, CO 80209
Telephone: (303) 755-2929
dfurtado@furtadolaw.com
vanmichael@furtadolaw.com


 */s/ Bruce R. Wilkin*
**Bruce R. Wilkin**